

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF BERKELEY )<br> )<br>ALONZO D. WARTHEN, )<br> )<br>          Plaintiff, )<br> )<br>v. )<br> )<br>ADAM L. MIDGETT, individually and in )<br>His Official capacity as Deputy for )<br>Charleston County Sheriff's Officer, )<br>JOHN DOE NEAL, individually and in his )<br>Capacity as Deputy for Charleston County )<br>Sheriff's Office, CHARLESTON COUNTY)<br>SHERIFF'S OFFICE, J. AL CANNON, JR.,)<br>in his Official capacity of Sheriff of )<br>Charleston County, BERKELEY )<br>COUNTY SHERIFF'S OFFICE, S. )<br>DUANE LEWIS, in his capacity as Berkeley)<br>County Sheriff, BERKELEY COUNTY, )<br>and CHARLESTON COUNTY, )<br> )<br>          Defendants. )<br>_____) | IN THE COURT OF COMMON PLEAS<br>NINTH JUDICIAL CIRCUIT<br>Civil Action No.:<br><br><br>**SUMMONS**<br><br>20 _16_-CP-06- 83 |

*(stamp, right side):* 2016 JAN 13 PM 4:42  MARY P. BROWN  CLERK OF COURT  BERKELEY COUNTY, SC  FILED

**TO:    THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy

of which is hereby served upon you, and to serve a copy of your answer to this Complaint upon

the subscriber, at the address shown below, within 30 days after service hereof, exclusive of the

day of such service, and if you fail to timely answer the Complaint, judgment by default or

otherwise will be rendered against you for the relief demanded in the Complaint.

[SIGNATURE PAGE TO FOLLOW]



**GOLDFINCH WINSLOW, LLC**

By: _____

Thomas W. Winslow
Jessica S. Benson
11019 Tournament Blvd., Ste. 202
Post Office Box 829
Murrells Inlet, SC 29576
T: (843) 357-9301
F: (843) 357-9303
tom@goldfinchwinslow.com
jessica@goldfinchwinslow.com
ATTORNEYS FOR PLAINTIFF

January 11, 2015
Murrells Inlet, South Carolina



STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
COUNTY OF BERKELEY )  NINTH JUDICIAL CIRCUIT
)
ALONZO D. WARTHEN, )
)  20 _16_-CP-08-_83_
Plaintiff, )
)
)
v. )  **COMPLAINT**
)  **(Jury Trial Demanded)**
)
ADAM L. MIDGETT, individually and in )
His Official capacity as Deputy for )
Charleston County Sheriff's Officer, )
JOHN DOE NEAL, individually and in his )
Capacity as Deputy for Charleston )
County Sheriff's Office, CHARLESTON )
COUNTY SHERIFF'S OFFICE, )
J. AL CANNON, JR., in his Official )
capacity of Sheriff of Charleston County, )
BERKELEY COUNTY SHERIFF'S )
OFFICE, S. DUANE LEWIS, in his )
capacity as Berkeley County Sheriff, )
BERKELEY COUNTY, and )
CHARLESTON COUNTY, )
)
Defendants. )
_____ )

FILED
2016 JAN 13 PM 4: 42
MARY P. BROWN
CLERK OF COURT
BERKELEY COUNTY, SC

        Plaintiff Alonzo D. Warthen ("Plaintiff" or "Mr. Warthen") brings this Complaint against

Defendants Adam L. Midgett, individually and in his official capacity as Deputy for Charleston

County Sheriff's Office ("Deputy Midgett"), John Doe Neal, individually and in his capacity as

Deputy for Charleston County Sheriff's Office ("Deputy Neal"), Charleston County Sheriff's

Office, J. Al Cannon, Jr., in his official capacity of Sheriff of Charleston County ("Sheriff

Cannon"), Berkeley County Sheriff's Office, S. Duane Lewis, in his capacity as Berkeley

County Sheriff ("Sheriff Lewis"), Berkeley County, and Charleston County (collectively

"Defendants") based upon the allegations set forth below.

## PARTIES

1.      Mr. Warthen is a resident and citizen of Charleston County, South Carolina.



2.      Defendant Deputy Midgett is an individual and, upon information and belief, a citizen and resident of Berkeley County, South Carolina. At all times relevant to this Complaint, Deputy Midgett was acting individually and/or as agent, servant, or employee of Defendant Charleston County and/or Defendant Charleston County Sheriff's Office as a law enforcement officer and/or agent, servant, or employee of Defendant Berkeley County and/or Berkeley County Sheriff's Office as a law enforcement officer.

3.      Defendant Deputy Neal is an individual and, upon information and belief, a citizen and resident of Berkeley County, State of South Carolina. At all times relevant to this Complaint, Deputy Neal was acting individually and/or as agent, servant, or employee of Defendant Charleston County and/or Defendant Charleston County Sheriff's Office as a law enforcement officer and/or agent, servant, or employee of Defendant Berkeley County and/or Berkeley County Sheriff's Office as a law enforcement officer.

4.      Defendant Charleston County Sheriff's office is a governmental agency and/or political subdivision of the State of South Carolina, as defined in S.C. Code Ann. Section 15-78-10, existing under the laws of the State of South Carolina, and has facilities located in Charleston County, South Carolina. During the time period relevant to this Complaint, Defendant Charleston County Sheriff's Office was acting by and through its servant, agents, and/or employees acting within the scope of their officially assigned and/or compensated duties.

5.      Defendant Sheriff Cannon, upon information and belief, is a resident of the State of South Carolina, and is the duly elected Sheriff for Charleston County, and at all times relevant hereto was acting within his official capacity as Sheriff of Charleston County.

6.      Defendant Berkeley County Sheriff's office is a governmental agency and/or political subdivision of the State of South Carolina, as defined in S.C. Code Ann. Section 15-78-

2



10, existing under the laws of the State of South Carolina, and has facilities located in Berkeley County, South Carolina. During the time period relevant to this Complaint, Defendant Berkeley County Sheriff's Office was acting by and through its servant, agents, and/or employees acting within the scope of their officially assigned and/or compensated duties.

7.    Defendant Sheriff Lewis, upon information and belief, is a resident of the State of South Carolina, and is the duly elected Sheriff for Berkeley County, and at all times relevant hereto was acting within his official capacity as Sheriff of Berkeley County.

8.    Defendant Berkeley County is a political subdivision of the State of South Carolina as defined in S.C. Code Ann. Section 15-78-10. During the time period relevant to this Complaint, Defendant Berkeley County was acting by and through its servants, agents, and/or employees who were operating within the scope of their officially assigned and/or compensated duties.

9.    Defendant Charleston County is a political subdivision of the State of South Carolina as defined in S.C. Code Ann. Section 15-78-10. During the time period relevant to this Complaint, Defendant Charleston County was acting by and through its servants, agents, and/or employees who were operating within the scope of their officially assigned and/or compensated duties.

**JURISDICTION AND VENUE**

10.    This Court has jurisdiction of the parties and subject matter thereof.

11.    Venue is proper in this Court as the most substantial acts and/or omissions giving rise to the causes of action alleged herein occurred in Berkeley County, South Carolina.

## FACTS

12.    On January 25, 2013, at approximately 8:15 p.m., Mr. Warthen was sitting in his car located in the parking lot of the Palms Apartments in Hanahan, South Carolina.

13.    Mr. Warthen was eating a bag of chips and drinking a juice that he previously purchased at a nearby gas station.

14.    Mr. Warthen was also browsing through his cellular phone.

15.    At this time, Deputy Midgett pulled up on Mr. Warthen's left side about ten feet away from his car.

16.    Deputy Midgett approached Mr. Warthen's car and knocked on Mr. Warthen's car window.

17.    Deputy Midgett asked Mr. Warthen if he lived in the apartment complex and Mr. Warthen told Deputy Midgett that he did not live there.

18.    Deputy Midgett then proceeded to open Mr. Warthen's car door and forced Mr. Warthen out of the car.

19.    Deputy Midgett took Mr. Warthen to the back of his car and started searching Mr. Warthen's body.

20.    As he was performing this strip search, Deputy Midgett proceeded to shove his finger into Mr. Warthen's anus.

21.    When Mr. Warthen asked Deputy Midgett what he was doing, Deputy Midgett became belligerent and hostile towards Mr. Warthen.

22.    Deputy Midgett shoved a black metal object to Mr. Warthen's throat, put Mr. Warthen in handcuffs and then violently threw Mr. Warthen to the ground.

4

 

23.    At this time another deputy, Deputy Neal, pulled up and Deputy Midgett asked Deputy Neal to hold Mr. Warthen down.

24.    While holding Mr. Warthen pressed down onto the concrete, Deputy Neal held Mr. Warthen's arms back behind him and pulled up into the air while Deputy Midgett proceeded to pull down Mr. Warthen's pants and began digging his finger into Mr. Warthen's anus.

25.    Deputy Neal also forced his knee into Mr. Warthen's face and neck area and used the pressure of his entire body weight to pin Mr. Warthen to the ground.

26.    At this point it is believed Deputy Midgett planted a bag of drugs into Mr. Warthen's anus.

27.    Mr. Warthen continuously yelled for Deputy Midgett to stop what he was doing but Deputy Midgett proceeding to dig into Mr. Warthen's anus for approximately fifteen minutes.

28.    At one point Mr. Warthen yelled out that he could not breathe but Deputy Midgett and Deputy Neal refused to let him off the ground and continued to forcibly hold him down on the concrete.

29.    This event took place in the middle of a parking lot of a large apartment complex with onlookers present.

30.    Mr. Warthen suffered a large contusion on the side of his face from being pressed down onto the concrete with such force.

31.    Mr. Warthen was not read his rights nor advised of the reason why he was being detained and searched.

32.    Only after the violent and abusive strip search did Deputy Midgett ask for Mr. Warthen's name.

5



33.    Deputy Midgett and Deputy Neal then put Mr. Warthen into the back of a patrol car.

34.    Deputy Midgett and Neal took Mr. Warthen to the Hanahan Police Department and placed him in a holding cell where three officers proceeded to perform a second strip search on Mr. Warthen.

35.    Prior to performing the strip search at the police department, the officers present threatened to beat Mr. Warthen up if he did not let them strip search him and told Mr. Warthen that they would file false charges against him if he didn't strip down for them. They also told Mr. Warthen that if he did not strip down that he would "regret it."

36.    This put Mr. Warthen in great fear of harm to his body and his constitutional rights.

37.    At this time the drugs that were illegally placed on Mr. Warthen's person by Deputy Midgett were found.

38.    As a result of the Deputies planting false evidence on Mr. Warthen's person, Mr. Warthen was charged with possession with intent to distribute cocaine.

39.    Despite Deputy Midgett's claims that Mr. Warthen provided false information to him and despite the fact that Deputy Midgett and Deputy Neal pinned Mr. Warthen to the grounds for a strip search, Mr. Warthen was not charged with providing false information to the police, resisting arrest, or disorderly conduct.

40.    Police reports with regard to Mr. Warthen were also falsified in an attempt to frame him.



41.    One police report states that Deputy Midgett approached Mr. Warthen's car because he "smelled the strong odor of burnt marijuana emitting out of the vehicle." Yet Mr. Warthen tested negative for all drugs and no marijuana was found in his vehicle or on his person.

42.    Although the lab results revealed the substance planted on Mr. Warthen was .67 grams of cocaine base, another report, the Warrant Information Form, states that Mr. Warthen had 1 gram of cocaine. Further, Mr. Warthen's Indictment stated that he was in possession of 1.7 grams of cocaine base.

43.    The charges were dismissed for the specific reason that there were "constitutional issues with stop and search."

44.    The Indictment/Warrant Status Change Form dismissing the charge also states that the officer involved in the case, Deputy Midgett, was "terminated for credibility issues – would need his testimony to prove."

45.    Upon information and belief Deputy Midgett had a history of untruthfulness, corruption and misconduct.

46.    Despite this fact, he was allowed to continue to serve as a deputy for the Charleston County Sheriff's office and act as an agent in performance of police services for the Berkeley County Sheriff's office.

47.    Defendants were obligated to, and had the opportunity to, refrain from inflicting inappropriate, excessive, and unlawful physical force upon Mr. Warthen.

48.    On the day in question, Mr. Warthen's constitutional rights were clearly established, well-known to Defendants, and included but were not limited to, the right to be free from unlawful, inappropriate, excessive physical force.

7



49. Defendants acting with deliberate indifference to Mr. Warthen's rights by performing a violent, physically intrusive, and humiliating strip search upon his body.

50. During the time in question, Mr. Warthen's constitutional right to bodily integrity, which guarantees his right to the possession and control of his own person and freedom from all restraint or interference of others, was well established and well known to the Defendants. This would include Mr. Warthen's right to be free from harassment, assault, battery, or other bodily harm.

51. The Defendants were deliberately indifferent to Mr. Warthen's liberty interests in his person by consciously engaging in appropriate harassment, assault, and/or battery.

52. The right to bodily integrity encompasses the right not to be inappropriately touched, harassed, assaulted, or battered under the color of state law.

53. Defendants' conduct toward Mr. Warthen was so contrary to fundamental notions of liberty and so lacking in any redeeming social value as to be constitutionally impermissible under the Due Process Clause.

54. Defendants acted with deliberate and conscious indifference to Mr. Warthen's liberty interests which guarantees him right to the possession and control of his own person and right to be free from all restraint and interference of others.

55. Defendants acted with deliberate and conscious indifference to Mr. Warthen's liberty interests which guarantees him the right to be free from unlawful or false arrest.

56. Deputy Midgett and Deputy Neal's actions were not reasonably necessary to obtain or verify Mr. Warthen's identify or if Mr. Warthen was in the commission of a crime.

57. Deputy Midgett's actions amounted to torture and other cruel, inhuman, and degrading treatment.

8



58.    Deputy Midgett and Deputy Neal knew or should have known that subjecting Mr. Warthen to this type of strip search, wrongful arrest, and illegal force would cause severe humiliation and mental suffering.

59.    The conduct by Deputy Midgett and Deputy Neal was unjustified, unprovoked, and grossly disproportionate to the actions of Mr. Warthen, if any, and amounted to the use of excessive force in violation of the clearly established constitutional rights.

60.    Sheriff Cannon, Sheriff Lewis, the Charleston County and Berkeley County Sheriff's departments, and the County of Charleston approved, ratified, and knowingly acquiesced in the conduct of all of the individual Defendants in all respects.

### FIRST CAUSE OF ACTION
### (AGAINST DEFENDANTS DEPUTY MIDGETT AND DEPUTY NEAL)
### (42 U.S.C. § 1983 – Violation of Plaintiff's Civil Rights)

61.    Plaintiff incorporates the above allegations by reference.

62.    At all times relevant hereto, Deputy Midgett and Deputy Neal ("Individual Defendants") were officers with the Charleston County Sheriff's Office and acted under the color of state law.

63.    At all times relevant hereto, Deputy Midgett and Deputy Neal also acted in furtherance of police business for the Berkeley County Sheriff's Office in detaining an individual in Berkeley County.

64.    Mr. Warthen was deprived of, by these individual Defendants, his rights, privileges, and immunities safeguarded by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

9



65.    During the time period in question, the individual Defendants were well aware of and had knowledge of Mr. Warthen's fundamental rights to be free from excessive physical force, cruel and unusual punishment, as well as his right to due process.

66.    Upon information and belief, the excessive force that Mr. Warthen was subjected to was employed by the individual Defendants without any reasonable necessity to use any force, much less the excessive and degrading force that was employed without legal justification, with malice, and with the intent to inflict pain and suffering.

67.    The individual Defendants were consciously and deliberately indifferent to Mr. Warthen and acted egregiously and arbitrarily during the time period mentioned in the facts in, at least, the following particulars:

   a.  In consciously failing to act reasonably and appropriately in regards to Mr. Warthen when they had the opportunity and obligation to do so;

   b.  In consciously failing to ensure that Mr. Warthen did not receive inappropriate and unlawful infliction of excessive physical force by the individual Defendants;

   c.  In consciously failing to protect Mr. Warthen from harm;

   d.  In consciously failing to take action to prevent Mr. Warthen from being subject to an infliction of physical and mental harm;

   e.  In using inappropriate excessive physical force against Mr. Warthen;

   f.  In consciously failing to understand that there were alternative measures, which were then and there available to these individual Defendants, instead of the improper use of physical force;

   g.  In depriving Mr. Warthen the right to be free from unreasonable searches and seizures;

10



h. In failing to ensure Mr. Warthen would not suffer from unlawful or false arrest;

i. In allowing officers to physically threaten Mr. Warthen and coerce him into an illegal strip search;

j. In allowing officers to falsify police records;

k. In failing to ensure Mr. Warthen would not be deprived of liberty and property without due process of law;

l. In consciously failing to follow, adhere to, and/or enforce the applicable policies and procedures.

68.    As a direct and proximate result of the individual Defendants' acts and/or omissions constituting conscious and deliberate indifference, jointly, severally, and in combination thereof, Mr. Warthen suffered deprivation of his rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

69.    As a result, Mr. Warthen suffered conscious pain, mental and physical suffering, indignity, loss of his aforementioned federal rights, and other such damages as alleged within this Complaint.

70.    Mr. Warthen will likely suffer from the effects of these individual Defendants' acts and/or omissions now and in the future and Mr. Warthen demands actual, nominal, consequential, and punitive damages from these Defendants.

### SECOND CAUSE OF ACTION
**(AGAINST DEFENDANTS SHERIFF CANNON, SHERIFF LEWIS, CHARLESTON COUNTY SHERIFF'S OFFICE, BERKELEY COUNTY SHERIFF'S OFFICE, BERKELEY COUNTY, AND CHARLESTON COUNTY)**
**(Municipal Liability - 42 U.S.C. § 1983 – Violation of Plaintiff's Civil Rights)**

71.    Plaintiff incorporates the above allegations by reference.

11



72.     At all times relevant hereto, Defendants Sheriff Cannon, Sheriff Lewis, Charleston County Sheriff's Office, Berkeley County Sheriff's Office, Berkeley County and Charleston County (collectively "Municipal Defendants") acted under the color of state law.

73.     Mr. Warthen was deprived of rights, privileges, and immunities safeguarded by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, particularly his right to be free from the use of excessive and unreasonable force by the municipal Defendants.

74.     Upon information and belief, the municipal Defendants, as the head policy makers for Charleston and Berkeley Counties, acted with reckless and deliberate indifference to Mr. Warthen's civil rights in that, as a matter of policy, pattern, practice, and/or custom, they failed to adequately discipline, train, investigate, supervise, and/or otherwise direct the individual Defendants concerning a person's civil rights.

75.     Upon information and belief, the municipal Defendants further acted with reckless and deliberate indifference to Mr. Warthen's civil rights in allowing a deputy with a history of untruthfulness, corruption, and misconduct to conduct police business in Charleston and Berkeley Counties.

76.     As a direct result of the municipal Defendants' deliberate indifference, Mr. Warthen was subjected to the unlawful use of excessive and unreasonable force inflicted upon him by the individual Defendants.

77.     As a result of the municipal Defendants' deliberate indifference to the violation of Mr. Warthen's civil rights, Mr. Warthen is entitle to recover actual, nominal, and punitive damages from the municipal Defendants as determined by a jury.



## THIRD CAUSE OF ACTION
### (AGAINST DEFENDANTS MUNICIPAL DEFENDANTS)
### (Gross Negligence)

78.    Plaintiff incorporates the above allegations by reference.

79.    The incidents describe above and Mr. Warthen's resulting injuries were proximately caused by the grossly negligent, reckless, willful, or wanton acts of the municipal Defendants, by and through their agents, servants, or employees, in at least one, more, or all of the following particulars:

a.  In failing to have proper policies and procedures regarding hiring, training, supervision, and monitoring of sheriff deputies;

b.  In failing to implement proper policies and procedures regarding hiring, training, supervision, and monitoring of sheriff deputies;

c.  In failing to properly hire, train, supervise, or monitor Deputy Midgett;

d.  In failing to properly hire, train, supervise, or monitory Deputy Neal;

e.  In failing to have proper policies and procedures regarding strip searches performed on individuals;

f.  In failing to implement proper policies and procedures regarding strip searches performed on individuals;

g.  In failing to have proper policies and procedures on the use of excessive force;

h.  In failing to implement proper policies and procedures on the use of excessive force;

i.  In failing to hire, monitor, or train Deputy Midgett regarding strip searches performed on individuals;

j.  In failing to hire, monitor, or train Deputy Neal regarding strip searches performed on individuals;

13



k. In failing to hire, monitor, or train Deputy Midgett regarding the use of excessive force;

l. In failing to hire, monitor or train Deputy Neal regarding the use of excessive force;

m. In continuing to employ or allow Deputy Midgett to perform police services with a history of untruthfulness, corruption, and/or dishonesty;

n. Conscious failure to train and monitor its employees, agents, or servants with regard to excessive force;

o. Conscious failure to prevent the use of excessive force;

p. Failing to ensure the accuracy and truthfulness of police records; and

q. In continuing to employ or utilize the services of Deputy Midgett and Deputy Neal when they knew, or should have known, that they would use improper or unnecessary force against an individual.

80. As a direct result of the above actions, Mr. Warthen suffered physical injury, conscious pain, suffering, indignity, and a loss of his aforementioned federal rights.

81. Further, Mr. Warthen suffered and continues to suffer mental anguish, emotional distress, medical expenses, attorney's fees, undue grief and humiliation, and will likely suffer from the effects of the Defendants' actions now and in the future, thereby justifying an award to Mr. Warthen for actual, consequential, and punitive damages from Defendants.

## FOURTH CAUSE OF ACTION
### (AGAINST ALL DEFENDANTS)
### (ASSAULT)

82. Plaintiff incorporates the above allegations by reference.

14



83.     At all times relevant hereto, Defendants Deputy Midgett and Deputy Neal were an employee, agent or servant of the municipal Defendants, acting within the scope of their employment or agency.

84.     The conduct and acts undertaken by Deputy Midgett and Deputy Neal, as alleged herein, place Mr. Warthen in reasonable fear of imminent bodily harm, which was, in fact, actually realized upon his body.

85.     As a direct and proximate result of the Defendants' assault, Mr. Warthen suffered injuries and damages as alleged within this Complaint and is entitled to recover actual and punitive damages from Defendants as determined by a jury.

## FIFTH CAUSE OF ACTION
### (AGAINST ALL DEFENDANTS)
### (Battery)

86.     Plaintiff incorporates the above allegations by reference.

87.     At all times relevant hereto, Defendants Deputy Midgett and Deputy Neal were employees, agents, or servants of the municipal Defendants, acting within the scope of their employment or agency.

88.     Deputy Midgett and Deputy Neal, without cause or provocation, willfully, unlawfully, and in reckless disregard of Mr. Warthen's rights, held Mr. Warthen against his will with great force and violence and performed an unlawful strip search on Mr. Warthen.

89.     The forcible contact upon Mr. Warthen's body was harmful, offensive, without consent, and was so inflicted, upon information and belief, with the present intent to commit contact and/or cause apprehension of such contact, all of which was without lawful justification or consent.

15



90.    As a direct and proximate result of the Defendants' battery, Mr. Warthen suffered injuries and damages as alleged within this Complaint and is entitled to recover actual and punitive damages from Defendants as determined by a jury.

### SIXTH CAUSE OF ACTION
### (AGAINST MUNICIPAL DEFENDANTS)
### (Negligent Retention)

91.    Plaintiff incorporates the above allegations by reference.

92.    The Municipal Defendants owed Mr. Warthen a duty to retain competent employees and/or agents.

93.    The Municipal Defendants breached its duty to Mr. Warthen by continuing to employ and/or utilize the services of Deputy Midgett when they knew or should have known of his history of untruthfulness, corruption, and misconduct.

94.    Mr. Warthen suffered injuries and damages as alleged in this Complaint as a direct and proximate result of the Municipal Defendants' breach of this duty and is entitled to recover actual and punitive damages from Defendants as determined by a jury.


WHEREFORE, Mr. Warthen requests that judgment be entered in his favor against Defendants as follows:

1.    Actual damages, in an amount to be determined by a jury;

2.    Nominal, incidental, and consequential damages, in an amount to be determined by a jury;

3.    Punitive damages, in an amount adequate to punish the Defendant(s) named for willful behavior, and sufficient to deter the Defendant(s) named and others from similar conduct, in an amount to be determined by a jury;

 

4.   Costs of this action and all reasonable attorney's fees; and

5.   All such other and further relief as this Court deems or the trier of fact deems just

and proper.

Respectfully Submitted,

GOLDFINCH WINSLOW, LLC

Thomas W. Winslow, Esq.
Jessica S. Benson, Esq.
Post Office Box 829
Murrells Inlet, SC 29576
P: (843) 357-9301
F: (843) 357-9303
tom@goldfinchwinslow.com
jessica@goldfinchwinslow.com

January ⎸⎸ , 2016
Murrells Inlet, South Carolina



**Goldfinch Winslow**

Attorneys and Counselors at Law

11019 Tournament Blvd., Suite 202
Post Office Box 829
Murrells Inlet, SC 29576
**t.** 843.357.9301
**f.** 843.357.9303

**Jessica S. Benson**
*Associate Attorney*
jessica@goldfinchwinslow.com

January 11, 2016

Berkeley County Clerk of Court
300 California Dr # B,
Moncks Corner, SC 29461

      Re:   Alonzo D. Warthen v. Adam L. Midgett, et al.

Dear Sir/Madam:

      Enclosed please find the original and one copy of the Plaintiff's Civil Action Coversheet, Summons and Complaint, along with this firm's check for $150.00 for the filing fee.

      If you should have any questions, please do not hesitate to contact me at any time regarding this matter.

      With kind regards, I remain,

                    Yours sincerely,
                    **GOLDFINCH WINSLOW, LLC**

                    Jessica S. Benson

JSB/dl
Enclosures

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BERKELEY ) | |
| ALONZO D. WARTHEN ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | 2016-CP-08-83 |
| vs. ) | |
| ADAM L. MIDGETT, individually and in His Official capacity as Deputy for Charleston County Sheriff's Officer, JOHN DOE NEAL, individually and in his Capacity as Deputy for Charleston County Sheriff's Office, CHARLESTON COUNTY SHERIFF'S OFFICE, J. AL CANNON, JR., in his Official capacity of Sheriff of Charleston County, BERKELEY COUNTY SHERIFF'S OFFICE, S. DUANE LEWIS, in his capacity as Berkeley County Sheriff, BERKELEY COUNTY AND CHARLESTON COUNTY, ) ) ) ) ) ) ) ) ) ) ) ) ) | MARY P. BROWN CLERK OF COURT BERKELEY COUNTY, SC 2016 JAN 13 PM 4:43 FILED |
| Defendant(s) ) | |

Submitted By: Thomas W. Winslow, Esq.
Address: P.O. Box 829, Murrells Inlet, SC 29576

| | |
|---|---|
| SC Bar #: | 73584 |
| Telephone #: | 843-357-9301 |
| Fax #: | 843-357-9303 |
| Other: | |
| E-mail: | tom@goldfinchwinslow.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  *(Check all that apply)*

***If Action is Judgment/Settlement do not complete***

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION  *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☒ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Employment (180) | | ☐ Other (399) | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| | | ☐ Petition for Workers | |

SCCA / 234 (06/2015)                                                                 Page 1 of 3

| | | |
|---|---|---|
| ☐ Automobile Arb. (610) | ☐ ⬤ Trade Practices (640) | Compensation Settlement ⬤ |
| | | Approval (780) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in | ☐ Other (999) |
| | an Out-of-County Action (660) | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | |

**Submitting Party Signature:** _____     **Date:    January 11, 2016**

**Note:** Frivolous civil proceedings  may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous.

# FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous

Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

# Common Pleas



**Clerk : Mary P. Brown**
**300 B California Avenue**
**Moncks Corner, SC 29461**
**(843) 719-4400**

| | | |
|---|---|---|
| Received From: | Winslow, Thomas William | Date: 1/14/2016 |
| | 11019 Tournament Blvd. | Receipt #: 6065740 |
| | Murrells Inlet, SC 29576 | Clerk: c08tmurphy |
| Paying for: | Warthen, Alonzo D. | |

| | | |
|---|---|---|
| Transaction Type: | Payment | Reference #: 2107 |
| Payment Type: | Check    $150.00 | Comment: |
| Total Paid: | $150.00 | Non-Refundable |

| | |
|---|---|
| Total Received: | $150.00 |
| Change Due: | $0.00 |

| Case # | Caption | Previous Balance | Amount Paid | Balance Due | S/T |
|---|---|---|---|---|---|
| 2016CP0800083 | Alonzo D. Warthen  VS Adam L Midgett | **$150.00** | **$150.00** | **$0.00** | 350 |



| | | | | |
|---|---|---|---|---|
| **Total Cases:**   1 | | $150.00 | $150.00 | $0.00 |

ReceiptMULTICase.rpt V6.1