# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Alonzo D. Warthen, ) | C/A No. 2:16-cv-00931-DCN-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | Report & Recommendation |
| ) | |
| Adam L Midgett, individually and in ) | |
| his official capacity as Deputy for Charleston ) | |
| County Sheriff's Office; John Doe Neal, ) | |
| individually and in his capacity as Deputy ) | |
| for Charleston County Sheriff's Office; ) | |
| Charleston County Sheriff's Office; J. Al ) | |
| Cannon, Jr, in his official capacity as Sheriff ) | |
| of Charleston County; Berkeley County ) | |
| Sheriff's Office; S. Duane Lewis, in his ) | |
| capacity as Berkeley County Sheriff; ) | |
| Berkeley County; & Charleston County, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff, through counsel, brought this action under 42 U.S.C. § 1983 and state law in state court, and the Defendants removed the action to this court on March 23, 2016. (Dkt. No. 1.) Before the court is the Defendants' Motion to Dismiss. (Dkt. No. 5.) The Plaintiff filed Plaintiff's Response in Opposition to Defendants' Motion to Dismiss on April 14, 2016. (Dkt. No. 8.) The Defendants filed a reply on April 25, 2016. (Dkt. No. 10.) All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This court recommends that the Motion to Dismiss (Dkt. No. 5) be granted in part and denied in part.

## Relevant Alleged Facts

1

The Plaintiff alleges that on January 25, 2013, at approximately 8:15 p.m., he was sitting in his car in the parking lot of the Palms Apartments in Hanahan, South Carolina. (Dkt. No. 1-1 ¶ 12.) The Plaintiff was eating chips, drinking juice, and browsing on his cell phone when Defendant Adam L. Midgett, a deputy with the Charleston County Sheriff's Office ("CCSO"), parked his car ten (10) feet away. (*Id.* ¶¶ 13-15.) Defendant Midgett approached the Plaintiff's car and knocked on the window. (*Id.* ¶ 16.) Defendant Midgett asked the Plaintiff if he lived in the apartments, and the Plaintiff responded that he did not. (*Id.* ¶ 17.) The Plaintiff alleges that Defendant Midgett then opened the Plaintiff's door and forced him out of the car. (*Id.* ¶ 18.) Defendant Midgett took the Plaintiff to the back of his patrol car and started strip searching the Plaintiff. (*Id.* ¶¶ 19-20.) The Plaintiff alleges that Defendant Midgett shoved his finger into the Plaintiff's anus. (*Id.* ¶ 20.) Defendant Midgett shoved a black metal object against the Plaintiff's throat, handcuffed him, and threw him to the ground. (*Id.* ¶ 22.)

Defendant John Doe Neal arrived on scene, and Defendant Midgett told him to hold the Plaintiff down. (*Id.* ¶ 23.) The Plaintiff alleges that Defendant Neal held the Plaintiff on the ground with his knee and pulled his arms into the air. (*Id.* ¶¶ 24-25.) The Plaintiff alleges that while Defendant Neal held him down, Defendant Midgett "planted a bag of drugs into Mr. Warthen's anus" and proceeded "to dig into Mr. Warthen's anus for approximately fifteen minutes." (*Id.* ¶¶ 26-27.) At one point the Plaintiff yelled out that he could not breathe but was not allowed to rise. (*Id*. ¶ 28.) The Plaintiff alleges he suffered a large contusion on the side of his face. *Id.* ¶ 30.) The Plaintiff alleges that he asked his name only after the strip search was completed. (*Id.* ¶ 32.)

Defendants Midgett and Neal placed the Plaintiff into a patrol car and took him to the Hanahan Police Department where he was strip searched a second time. (Dkt. No. 1-1 ¶ 33-34.)

2

Officers present at the Hanahan Police Department threatened to beat the Plaintiff if he did not consent to the strip search. (*Id.* ¶ 35.) The Plaintiff alleges that during the search, the drugs placed inside the Plaintiff by Defendant Midgett were found. (*Id.* ¶ 36.) The Plaintiff was charged with possession with intent to distribute cocaine. (*Id.* ¶ 38.)

The Plaintiff alleges that the police reports regarding the incident were falsified to frame the Plaintiff. (*Id.* ¶ 40.) One report states that Deputy Midgett approached the Plaintiff because he smelled burning marijuana, but none was found at the scene. (*Id.* ¶ 41.) The Plaintiff alleges that the charges against the Plaintiff were dismissed because of constitutional issues with the stop and search and because Defendant Midgett was "terminated for credibility issues." (*Id.* ¶¶ 43-44.)

## **Standard of Review**

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded

allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

### Plaintiff's Claims

The Plaintiff brings the following claims against the following parties:

1. 42 U.S.C. § 1983 claim against Defendants Midgett and Neal for violation of the Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights; (Dkt. No. 1-1 ¶¶ 61-70.)

2. 42 U.S.C. § 1983 claim against Defendants Cannon, Lewis, Charleston County Sheriff's Office, Berkeley County Sheriff's Office ("BCSO"), Berkeley County, and Charleston County for violation of the Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights; (Dkt. No. 1-1 ¶¶ 71-77.)

3. Gross negligence claim against Defendants Cannon, Lewis, Charleston County Sheriff's Office, Berkeley County Sheriff's Office, Berkeley County, and Charleston County; (Dkt. No. 1-1 ¶¶ 78-81.)

4. Assault claims against all Defendants; (Dkt. No. 1-1 ¶¶ 82-85.)

5. Battery claims against all Defendants; (Dkt. No. 1-1 ¶¶ 86-90.)

6. Negligent retention claim against Defendants Cannon, Lewis, Charleston County Sheriff's Office, Berkeley County Sheriff's Office, Berkeley County, and Charleston County. (Dkt. No. 1-1 ¶¶ 91-94.)

### Analysis

A. **42 U.S.C. § 1983 claim against Municipal Defendants**

The Plaintiff alleges that Defendants Cannon, Lewis, CCSO, Berkeley County BCSO, Berkeley County, and Charleston County (collectively "the Municipal Defendants") are liable

4

under § 1983 for violation of the Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights. (Dkt. No. 1-1 ¶¶ 71-77.)  The Plaintiff alleges that the Municipal Defendants are the "head policymakers" for Charleston and Berkeley counties and that "as a matter of policy, pattern, practice, and/or custom…failed to adequately discipline, train, investigate, supervise, and/or otherwise direct" Defendants Midgett and Neal. (*Id.* ¶ 74.)

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).  In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The § 1983 claims against Sheriff Cannon and Sheriff Lewis are brought only in their official capacities. (Dkt. No. 1-1 at 3; ¶¶ 5, 7.)  "The Eleventh Amendment bars suits in federal courts for money damages against an 'unconsenting State.'" *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (quoting *Edelman v. Jordan,* 415 U.S. 651, 663(1974)). "This immunity extends to arms of the State, including state agencies and state officers acting in their official capacity. *Id.* (internal quotation marks and citations omitted).

The Fourth Circuit has specifically held that sheriffs in South Carolina are state officials and enjoy Eleventh Amendment immunity from suits for damages in their official capacities. *See Cromer,* 88 F.3d at 1332 (citing *Gulledge v. Smart,* 691 F.Supp. 947 (D.S.C.1988), *aff'd mem.*, 878 F.2d 379 (4th Cir.1989).  Additionally, "[i]t is well settled, both in South Carolina and

5

federal law, that a Sheriff in South Carolina is an arm of the State and not a County employee and therefore is entitled to Eleventh Amendment Immunity in his or her official capacity from suit in Federal Court." *Ruff v. Bowers*, No. 8:12-cv-3522-MGL, 2014 WL 657550, at *8 (D.S.C. Feb. 19, 2014), *aff'd,* 572 F. App'x 252 (4th Cir. 2014) (citing *Cromer,* 88 F.3d at 1332).

As to Defendant Cannon, courts within this district have held that he "enjoys Eleventh Amendment Immunity in federal court when sued in his official capacity." *Aiken v. Cannon*, No. 2:10-cv-02664-RBH, 2011 WL 704662, at *2 (D.S.C. Feb. 22, 2011); *see also Chisolm v. Cannon*, No. 4:02-cv-3473-RBH, 2006 WL 361375, at *5 (D.S.C. Feb. 15, 2006). Similarly, courts in this district have held that the sheriff of Berkeley County has the same immunity when sued in his official capacity. *See e.g. Denney v. Berkeley Cty.,* No. 3:10-cv-1383-RMG-JRM, 2012 WL 3877713, at *8 (D.S.C. July 17, 2012), *report and recommendation adopted*, No. 3:10-cv-1383- RMG, 2012 WL 3877732 (D.S.C. Sept. 5, 2012). Therefore, as to the § 1983 claims against Defendants Cannon and Lewis, the Plaintiff has failed to state a plausible claim for relief.

The Eleventh Amendment immunity enjoyed by the Defendants Cannon and Lewis extends to their respective offices, the CCSO and the BCSO. "Sheriff's Departments in South Carolina are state agencies, not municipal departments." *Childress v. Charleston Cty. Sheriff's Office*, No. 2:13-cv-1008-SB, 2013 WL 3270642, at *4 (D.S.C. June 26, 2013), *aff'd,* 540 F. App'x 191 (4th Cir. 2013) (citing *Edwards v. Lexington Cnty. Sheriff's Dep't,* 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n. 1 (2010) ("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fid. and Deposit Co.,* 515 F.Supp. 1185, 118991 (D.S.C.1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd,* 694 F.2d 716 (4th Cir.1982) [Table]; and *Comer v. Brown,* 88 F.3d 1315, 1332 (4th Cir.1996) (suit against Sheriff of

Greenville County:"... Sheriff Brown is an arm of the State.")). "[T]he Charleston County Sheriff's Department, and any division thereof,…is immune from suit for damages in this case under the Eleventh Amendment." *Id.*

In addition to being immune under the Eleventh Amendment, the CCSO and BCSO are not persons capable of being sued under § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A sheriff's office is not a "person" for purposes of § 1983. *Fetherson v. Lee Blackmon*, No. 0:16-cv-3189-JFA-PJG, 2016 WL 7191633, at *2 (D.S.C. Oct. 28, 2016*), report and recommendation adopted sub nom.*, *Fetherson v. Blackmon*, No. 0:16-cv-3189-JFA-PJG, 2016 WL 7188241 (D.S.C. Dec. 12, 2016) (citing *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. Nov.19, 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."); *English v. S.C. Dep't of Corr. Mental Health*, No. 1:12-cv-511-JFA-SVH, 2012 WL 3062655 (D.S.C. June 28, 2012) ("[G]roups of people are not amenable to suit under § 1983."); *Pitt v. Perry Corr. Inst. Med. Staff*, No. 0:09-cv-1000-MBS-PJG, 2011 WL 704487 at *2 (D.S.C. Jan. 24, 2011) ("The use of the term 'staff' or the equivalent as a name for alleged defendants, without naming specific staff members, is not adequate to state a claim against a 'person' as required in § 1983 actions."); *Shadoan v. Florence Cty. Det. Ctr. Med. Dep't*, No. 8:12-CV-2908-DCN-JDA, 2013 WL 6408347, at *2 (D.S.C. Dec. 6, 2013)). Therefore, as to the § 1983 claims against Defendants CCSO and BCSO, the Plaintiff has failed to state a plausible claim for relief, and this court recommends dismissal.

The Plaintiff has failed to state a § 1983 claim against Charleston County and Berkeley County as well. Counties in South Carolina "have no association with the sheriff's offices, even though they often share similar names." *Fetherson*, No. 0:16-cv-3189-JFA-PJG, 2016 WL

7191633, at *2 (D.S.C. Oct. 28, 2016), *report and recommendation adopted sub nom., Fetherson v. Blackmon*, No. 0:16-cv-3189-JFA-PJG, 2016 WL 7188241 (D.S.C. Dec. 12, 2016). Counties are political bodies and separate corporate entities for some purposes including the capacities to sue and be sued. S.C. Code § 4-1-10. However, sheriff's offices in South Carolina are arms or agents of the state. *See Gulledge*, 691 F. Supp. at 955 ("South Carolina's county governing bodies have no measurable control over the appointment, discharge, duties, or policies of the sheriff and his deputies.") (internal quotations omitted).

The Plaintiff's only allegations against Charleston and Berkeley Counties are actions taken as "head policy makers" related to Defendants Midgett and Neal. (Dkt. No. 1-1 ¶ 74.) Counties "cannot be held liable *solely* because [they] employ[] a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Pursuant to *Monell*, a municipality or other local government entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom. *See Monell*, 436 U.S. at 694; *see also Knight v. Vernon*, 214 F.3d 544, 552 (4th Cir. 2000). *Monell* does not impute any liability onto Charleston County or Berkeley County in this case. As a matter of law sheriff's deputies are not employees of the county, but are employees of the State. *Allen v. Fid. & Deposit Co. of Maryland*, 515 F. Supp. 1185, 1190 (D.S.C. 1981), *aff'd*, 694 F.2d 716 (4th Cir. 1982) ("[A] deputy sheriff has been considered, both under South Carolina common and statutory law, as the agent of the sheriff, not as 'employee' of the county."). Therefore, as to the § 1983 claims against Defendants Berkeley County and Charleston County, the Plaintiff has failed to state a

8

plausible claim for relief. This court recommends that the Plaintiff's second cause of action under § 1983, which is brought against the Municipal Defendants, be dismissed.

B. **State Law Claims**

The Plaintiff alleges a claim for assault and a claim for battery against all Defendants and gross negligence and negligent retention against the Municipal Defendants. (*See* Dkt. No. 1-1.) The Defendants argue that all of these causes of action are barred by the statute of limitations under the South Carolina Tort Claims Act ("the Act"), § 15-78-10 *et seq.*, and that the individual Defendants are not proper parties under the Act. (Dkt. No. 5-1.) The Plaintiff argues that the court should not enforce the two-year statute of limitations under the Act, but instead apply the three-year statute of limitations applicable to § 1983 claims. The Plaintiff's argument fundamentally misunderstands the law regarding § 1983.

As stated *supra*, the elements of a § 1983 are (1) that the Plaintiff "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe*, 145 F.3d at 658 (citation omitted). The Plaintiff's argument that the statute of limitations for a § 1983 claim—i.e. three years—should apply to his state law claims because the claims "are actions for injury to Mr. Warthen's personal rights," while creative, is not supported by any law. (Dkt. No. 8 at 10.) A state law tort is not actionable as a claim under § 1983 on its own. *Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir. 1980) ("[N]ot every state law tort becomes a federally cognizable 'constitutional tort' under § 1983 simply because it is committed by a state official….") (quoting *Baker v. McCollan*, 443 U.S. 137, 146 (1979)). For the tort of assault or the tort of battery to be actionable under § 1983, the alleged acts would have to support the elements of a § 1983 claim. *See Blackmon v. Perez*, 791 F. Supp. 1086, 1093 (E.D. Va. 1992)

9

("The Fourth Circuit has held that a plaintiff seeking to pursue a cause of action under the Civil Rights Act for such state-law torts must allege and prove a constitutional deprivation in addition to the traditional, common-law elements of the tort."). A defendant's actions must independently rise to a constitutional violation. *Id.* The Plaintiff made such a claim in his first cause of action against Defendants Midgett and Neal, which is an excessive force claim under § 1983. To the extent the Plaintiff now argues that he can maintain state law causes of action for assault and battery under § 1983, those causes of action are subsumed under his first cause of action for excessive force.

The Plaintiff additionally attempts to argue that his state law claims for gross negligence and negligent retention against the Municipal Defendants are somehow actionable under § 1983. (Dkt. No. 1-1 at 10-11.) It is well settled that negligence is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct. . . . ").

The Act is the exclusive remedy for any tort committed by an employee of a governmental entity. "An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except…if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70. The Act "governs all tort claims against governmental entities." *Hawkins v. City of Greenville*, 358 S.C. 280, 292, 594 S.E.2d 557, 563 (Ct. App. 2004) (citing *Flateau v. Harrelson,* 355 S.C. 197, 203, 584 S.E.2d 413, 416 (Ct.App.2003)). All governmental entities may be held liable for their torts as a private individual would be liable subject to the limitations and

exemptions of the Act. *Id.* (citing S.C. Code Ann. § 15-78-40 (Supp. 2003)). S.C. Code § 15-78-30(d) defines "governmental entity" as "the State and its political subdivisions." Section 15-78-20(b) of the Act which states, "[t]he General Assembly in this chapter intends to grant the State, its political subdivisions, and employees, while acting within the scope of official duty, immunity from liability and suit for any tort except as waived by this chapter." The limitations and exemptions in the act must be liberally construed in order to limit the liability of the State. *Hawkins,* 358 S.C. at 292, 594 S.E.2d at 563.

When bringing an action under the Act, the proper defendant is the agency or political subdivision for which the employee was acting.

> [A] person, when bringing an action against a governmental entity under the provisions of this chapter, shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually, unless the agency or political subdivision for which the employee was acting cannot be determined at the time the action is instituted. In the event that the employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as the party defendant.

S.C. Code § 15-78-70(c); *see also Proveaux v. Med. Univ. of S. Carolina*, 326 S.C. 28, 30, 482 S.E.2d 774, 775 (1997).

The Legislative Findings codified in the Act reveal the General Assembly's intent stating that "[t]he remedy provided by this chapter is the **exclusive civil remedy** available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)." S.C. Code § 15-78-20 (emphasis added). In § 15-78-70(b), the Act provides that "[n]othing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code § 15-78-70(b).

11

As to the Plaintiff's claims of assault and battery and viewing the Complaint in the light most favorable to the Plaintiff, Defendants Midgett and Neal could have been acting outside the scope of their official duties or acted with actual malice or the intent to harm. *See Padgett v. S.C. Ins. Reserve Fund*, 340 S.C. 250, 253, 531 S.E.2d 305, 306 (Ct. App. 2000) (holding a professor acted outside his official duties under the Act where he committed battery and sexual assault). The statute of limitations for assault and for battery under South Carolina law is three (3) years. S.C. Code § 15-3-530(5). The alleged assault and battery occurred on January 25, 2013. (Dkt. No. 1-1.) This case was filed in state court on January 13, 2016. (Dkt. No. 1-1 at 24.) Therefore, this court recommends that the Plaintiff's claims of assault and battery against Defendants Midgett and Neal be allowed to go forward, but that the same claims against all other Defendants be dismissed.[1]

As to the Plaintiff's claims for gross negligence and negligent retention against the Municipal Defendants, the Plaintiff's claims are outside of the statute of limitations. As stated above, the Act is the exclusive remedy "for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)." S.C. Code § 15-78-20. Gross negligence and negligent retention are not exceptions in S.C. Code § 15-78-70(b) as quoted *supra*. The Act has a two (2) year statute of limitations. S.C. Code § 15-78-110. The alleged acts in the case at bar occurred on January 25, 2013. (Dkt. No. 1-1.) This case was filed in state court on January 13, 2016. (Dkt. No. 1-1 at 24.) More than two years passed before the Plaintiff filed

---

[1] The Act has a two (2) year statute of limitations. S.C. Code § 15-78-110. If Defendants Midgett and Neal acted within the scope of their employment under the Act, this case was filed outside of the statute of limitations and the only proper defendant is Sheriff Al Cannon. *See* S.C. Code § 15-78-70(c); *Carrigg v. Cannon*, 347 S.C. 75, 82, 552 S.E.2d 767, 771 (Ct. App. 2001) (stating that Al Cannon, in his official capacity as the Sheriff of Charleston County, was the proper party under the Act in a wrongful death action based on a deputy's actions). Al Cannon would be the only proper defendant for any of the Plaintiff's claims brought under the Act.

his lawsuit. The Plaintiff's claims are outside the statute of limitations under the Act. Therefore, as to the Plaintiff's claims for gross negligence and negligent retention against the Municipal Defendants, the Plaintiff's third and sixth causes of action, this court recommends that the Defendants' Motion to Dismiss be granted as to all Defendants.

## Conclusion

Based on the forgoing, this court RECOMMENDS that Defendant's Motion to Dismiss (Dkt. No. 5) as to the Plaintiff's second, third, and sixth causes of action be GRANTED as to all Defendants. This court further RECOMMENDS that Defendant's Motion to Dismiss (Dkt. No. 5) as to the Plaintiff's fourth and fifth causes of action be DENIED as to Defendants Midgett and Neal and GRANTED as to all other Defendants.[2]

IT IS SO RECOMMENDED.

January 26, 2017

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Defendants did not move to dismiss the Plaintiff's first cause of action, excessive force under § 1983, against Defendants Midgett and Neal. Therefore, it stands as alleged in the Complaint.

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).