# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ALONZO D. WARTHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:16-cv-00931-DCN |
| vs. ) | |
| ) | **ORDER** |
| ADAM L. MIDGETT, *individually and in* ) | |
| *his official capacity as Deputy for Charleston* ) | |
| *County Sheriff's Office*; JOHN DOE NEAL, ) | |
| *individually and in his official capacity as* ) | |
| *Deputy for Charleston County Sheriff's* ) | |
| *Office*; CHARLESTON COUNTY ) | |
| SHERIFF'S OFFICE; J. AL CANNON, JR. ) | |
| *in his official capacity as Sheriff of* ) | |
| *Charleston County*; BERKELEY COUNTY ) | |
| SHERIFF'S OFFICE; S. DUANE LEWIS, ) | |
| *in his official capacity as Sheriff of Berkeley* ) | |
| *County Sheriff*; BERKELEY COUNTY; and ) | |
| CHARLESTON COUNTY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Magistrate Judge Mary Gordon Baker's Report and Recommendation ("R&R") that the court grant in part and deny in part defendants Adam L. Midgett, John Doe Neal, Charleston County Sheriff's Office, J. Al Cannon, Jr., Berkeley County Sheriff's Office, S. Duane Lewis, Berkeley County, and Charleston County's (collectively, "defendants") motion to dismiss. ECF No. 5. Defendants filed a written objection to the R&R. For the reasons set forth below, the court adopts the R&R and grants in part and denies in part defendants' motion to dismiss.

## I.  BACKGROUND[1]

Plaintiff Alonzo D. Warthen ("plaintiff") alleges that on January 25, 2013, at approximately 8:15 p.m., he was sitting in his car in the parking lot of the Palms Apartments in Hanahan, South Carolina.  Plaintiff was eating chips, drinking juice, and browsing on his cell phone when defendant Adam L. Midgett ("Midgett"), a deputy with the Charleston County Sheriff's Office ("CCSO"), parked his car ten feet away.  Midgett approached plaintiff's car and asked him if he lived in the apartments.  Plaintiff responded that he did not.

Plaintiff alleges that events then took a violent turn.  According to plaintiff, Midgett then opened plaintiff's door and forced him out of the car.  Midgett then took plaintiff to the back of his patrol car and started strip searching him.  Plaintiff specifically alleges that Midgett shoved his finger into plaintiff's anus.  Midgett then shoved a black metal object against plaintiff's throat, handcuffed him, and threw him to the ground.  Around this time, another deputy, defendant John Doe Neal ("Neal") arrived on scene.  Midgett told Neal to hold plaintiff down, at which point Neal pressed his knee against plaintiff while he pulled plaintiff's arms into the air. Plaintiff alleges that while Neal held him down, Midgett "planted a bag of drugs into [his] anus" and proceeded "to dig into Mr. Warthen's anus for approximately fifteen minutes."  At one point plaintiff yelled out that he could not breathe but was not allowed to rise.

---

[1] Unless otherwise cited, the following facts are taken directly from the R&R. The court notes that defendants do not dispute these facts for the purposes of the instant motion.

2

Midgett and Neal then transferred plaintiff to the Hanahan Police Department where he was strip searched a second time. Plaintiff alleges that during the search, the drugs placed inside him by Midgett were found, and plaintiff was charged with possession with intent to distribute cocaine. Plaintiff further alleges that these criminal charges were later dropped due to constitutional issues with the stop and search, and because Midgett was "terminated for credibility issues." He contends that the police reports detailing the incident were falsified, and notes that one report states that Midgett approached plaintiff because he smelled burning marijuana, but none was found at the scene.

Plaintiff filed the instant action on January 11, 2016, bringing claims under 42 U.S.C. § 1983, as well as state law claims for gross negligence, assault, battery, and negligent retention. ECF No. 1-2. The case was removed to this court on March 23, 2016. ECF No. 1. On March 28, 2016, defendants filed a motion to dismiss a number of plaintiff's claims. ECF No. 5. Plaintiff filed a response on April 14, 2016, ECF No. 8, and defendants filed a reply on April 25, 2016. ECF No. 10. The magistrate judge issued the R&R on January 26, 2017, recommending the court grant defendants' motion to dismiss plaintiff's second, third, and sixth causes of action as to all defendants, deny defendants' motion to dismiss plaintiff's fourth and fifth causes of action as to defendants Midgett and Neal, and grant defendants' motion to dismiss plaintiff's fourth and fifth causes of action as to all other defendants. R&R at 13. Defendants filed an objection to the R&R on February 9, 2017. ECF No. 16. Plaintiff did not file any objections or a reply to defendants' objections. The matter is now ripe for the court's review.

## II.  STANDARD OF REVIEW

### A.    De Novo Review

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. 636(b)(1).  The court may adopt the portions of the R&R to which the petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  Thomas v. Arn, 474 U.S. 140, 14–50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and it is this court's responsibility to make a final determination.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

### B.    Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief."  Id. at 679.  Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Va., 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### III.   DISCUSSION

Defendants' objections address a very specific portion of the R&R, arguing that the rationale underlying the magistrate judge's decision to deny their motion to dismiss the assault and battery claims against Midgett and Neal has been rendered moot. Defs.' Objections 2. In their briefing before the magistrate judge, defendants argued that the assault and battery claims against Midgett and Neal must be dismissed because those claims are governed by the South Carolina Tort Claims Act, S.C. Code §§ 15-78-10 et. seq. ("SCTCA") and therefore subject to a two-year statute of limitations.[2] The magistrate judge observed that the SCTCA provides "the exclusive civil remedy for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)." R&R at 11 (citing S.C. Code § 15-78-20 (emphasis added and omitted). Section 15-78-70(b) provides that

> [n]othing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.

---

[2] Defendants also argued that because the assault and battery claims fall within the scope of the SCTCA, Midgett and Neal are improper defendants. When claims that are covered by the SCTCA are brought against a government employee in his or her individual capacity, the SCTCA requires that "the agency or political subdivision for which the employee was acting must be substituted as the party defendant." S.C. Code § 15-78-70(c). Obviously, if the claims were untimely, it matters very little whether plaintiff named the proper defendant. Thus, the court focuses on the statute of limitations issue.

5

The magistrate judge determined that "in the light most favorable to the [p]laintiff, [] Midgett and Neal could have been acting outside the scope of their official duties or acted with actual malice or the intent to harm." R&R at 12. Defendants argue that this finding has been rendered moot because "all remaining parties have agreed and stipulated that the individual deputies were at all times acting within the scope of their employment." Defs.' Objections 2. Defendants highlight the fact that plaintiff alleged that Midgett and Neal were acting within the scope of their employment in his complaint, Compl. ¶¶ 83, 87, and that Midgett and Neal have admitted to this in their answer. Answer ¶¶ 83, 87.

     The primary flaw in defendants' argument is that it fails to recognize that there are two ways a plaintiff's tort claim against a government employee can escape the scope of the SCTCA under S.C. Code § 15-78-70(b)[3]—it can arise from conduct that "was not within the scope of [the employee's] official duties," <u>or</u> it can arise from conduct that "constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code § 15-78-70(b). The magistrate judge found that plaintiff's allegations satisfied both of these grounds. Thus, even if the court accepts defendants' claim that the parties have stipulated that Midgett and Neal were acting within the scope of their employment, the court must still determine whether the alleged assault and battery was done with "actual fraud, actual malice, or [an] intent to harm." <u>Id.</u>

---

[3] The court also questions whether the allegations in plaintiff's complaint properly constitute a "stipulation" to the scope of employment issue. The court suspects that the proper analysis is whether such allegations are binding as judicial admissions, but because this issue does not control the result—and plaintiff has not actually asked the court to look beyond its allegations—the court finds it unnecessary to conduct such an analysis.

The court has little trouble finding that the alleged conduct, viewed in the light most favorable to plaintiff, involved "actual malice" and an "intent to harm." Plaintiff has alleged that Midgett, acting without any justification, pulled him from his vehicle, strip-searched him, and began a cavity search. Compl. ¶¶ 12–20. When plaintiff questioned this activity, Midgett became "belligerent and hostile" and threw him to the ground. Id. ¶¶ 21, 22. Midgett then proceeded to "dig into [plaintiff's] anus" for about 15 minutes. Id. ¶¶ 24, 25. Following this assault, Midgett planted a bag of drugs inside of plaintiff's body and transported him to jail. Id. ¶¶ 33, 34. Neal is alleged to have aided the bulk of this activity, by pressing plaintiff into the ground to immobilize him while Midgett performed the assault and refusing to let up when plaintiff exclaimed that he could not breathe. Id. ¶¶ 24–28. These allegations are comparable to—if not more egregious than—other claims that have been found to involve "actual malice" or "intent to harm." See Poloschan v. Simon, No. 9:13-cv-1937, 2014 WL 1713562, at *14 (D.S.C. Apr. 29, 2014) (finding claim that defendant subjected plaintiff "to vulgar and graphic sexual comments and related inappropriate conduct" and retaliatory conduct "after she rebuffed [the defedant's] advances" was not covered by SCTCA, in part because the claim alleged an intent to harm); Daniels v. City of N. Charleston, No. 2:12-cv-0319, 2012 WL 3877710, at *6 (D.S.C. Aug. 9, 2012) (finding allegations sufficient to allege that defendants acted with an "intent to harm" where plaintiff alleged that defendants "threatened him with jail, deliberately humiliated him, cursed at him, placed him in fear of being hit, heckled and laughed at him during the court proceedings, and generally acted recklessly and unlawfully

towards him"), report and recommendation adopted, 2012 WL 3880078 (D.S.C. Sept. 6, 2012).

The court finds that, even if the scope of employment issue is set to the side, plaintiff has sufficiently alleged that Midgett and Neal acted with actual malice or an intent to harm, and thus, the assault and battery claims against them are not governed by the SCTCA's two-year statute of limitations. Instead, they are governed by the ordinary three-year statute of limitations. S.C. Code § 15-3-530(5). The alleged incident occurred on January 25, 2013. This case was filed on January 13, 2016. Therefore, the assault and battery claims against Midgett and Neal are timely.

## IV.   CONCLUSION

For the foregoing reasons, the court **ADOPTS** the R&R, and **GRANTS** defendant's motion to dismiss in all respects, except that the court **DENIES** defendant's motion to dismiss as to plaintiff's fourth and fifth causes of action against Midgett and Neal.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 31, 2017**
**Charleston, South Carolina**